OPINION OF THE COURT
Daniel F. Luciano, J.
Motion by the plaintiff, Howell State Bank, to reargue is granted and upon consideration of the merits the plaintiff’s motion for summary judgment against the defendant, Jericho Boats, Inc., is granted in the amount of $7,426.54 with interest from January 1,1984.
In July of 1980 the defendant, Edward Slater, purchased a 1980 Galaxy boat. To finance the purchase the defendant, Edward Slater, obtained a loan from the plaintiff, Howell State Bank, agreeing to repay the loan in 96 monthly installments in the amount of $151.41.
The said Galaxy boat was purchased in the State of New Jersey and the plaintiff, Howell State Bank, filed a copy of the Financing Statement Agreement in the office of the Secretary of State of New Jersey.
In January 1981 the defendant, Edward Slater, entered into a contract to purchase a new boat from the defendant, Jericho Boats, Inc., in the State of New York and in partial consideration therefor, traded in the said Galaxy boat for a $5,500 credit.
The defendant, Edward Slater, continued to make payments to the plaintiff, Howell State Bank, until December 1983, at which time he defaulted.
Prosecution of the instant action is stayed against the defendant, Edward Slater, by virtue of a bankruptcy proceeding.
The plaintiff, Howell State Bank, claiming a security interest in the said Galaxy boat seeks to recover from the defendant, Jericho Boats, Inc., for conversion and for taking the boat which was subject to its chattel mortgage and has moved for summary judgment.
The defendant, Jericho Boats, Inc., asserts that at the time it took possession of the Galaxy boat the plaintiff, Howell State Bank, had no perfected security interest in it. The defendant, Jericho Boats, Inc., seeks summary judgment dismissing the complaint.
Initially, the court concludes that pursuant to section 9-109 *316 (1) of the Uniform Commercial Code* the Galaxy boat, whei. purchased by the defendant, Edward Slater, constituted a consumer good since it was purchased "primarily for personal, family or household purposes”. This point is not disputed by the parties.
Further, it seems clear that the security interest which the plaintiff, Howell State Bank, had in the Galaxy boat was a "purchase money security interest” within the meaning of article 9 of the Uniform Commercial Code. (Uniform Commercial Code § 9-107 [b].)
Since the Galaxy boat was a consumer good it was unnecessary for the plaintiff, Howell State Bank, to file a financing statement to perfect its purchase money security interest therein. (Uniform Commercial Code § 9-302 [1] [d].)
In paragraph 11 of the defendant’s, Jericho Boats, Inc., affidavit in opposition (submitted by counsel) it is asserted: "By reason of the failure of howell to file a financing statement in New York, at any time after the delivery of the subject Galaxy into New York, it lost whatever security interest it might have had by virtue of the Galaxy having been previously in the State of New Jersey, jericho having then taken possession of that Galaxy in New York, took it free of any lien of howell as a result of howell’s failure to file pursuant to U.C.C. [§] 9-103 (d) (i).” (Presumably this should read § 9-103 [1] [d] [i].)
Section 9-103 (1) (d) (i) of the Uniform Commercial Code provides:
"(1) Documents, instruments and ordinary goods * * *.
"(d) When collateral is brought into and kept in this state while subject to a security interest perfected under the law of the jurisdiction from which the collateral was removed, the security interest remains perfected, but if action is required by Part 3 of this Article to perfect the security interest,
"(i) if the action is not taken before the expiration of the period of perfection in the other jurisdiction or the end of four months after the collateral is brought into this state, whichever period first expires, the security interest becomes unperfected at the end of that period and is thereafter deemed to have been unperfected as against a person who became a purchaser after removal”.
*317 The court concludes, however, that this quoted section does not benefit the defendant, Jericho Boats, Inc. Since the plaintiffs, Howell State Bank, security interest was a purchase money security interest that security interest was perfected without the need for any further action under part 3 of article 9 of the Uniform Commercial Code. Accordingly, the provisions of Uniform Commercial Code § 9-103 (1) (d) (i) which speak of expiration of the period of perfection of the security interest do not apply in this case.
In addition, even though section 9-307 (2) of the Uniform Commercial Code would have permitted the assertion of a defense by a buyer purchasing for value and for his own personal, family or household purposes based upon the absence of the proper filing of a financing statement, the defendant, Jericho Boats, Inc., a retail seller of boats, did not purchase the boat for its own personal, family or household purposes.
Thus, since it appears, contrary to the assertion of the defendant, Jericho Boats, Inc., that the plaintiff, Howell State Bank, did have a continuing perfected security interest, the plaintiff, Howell State Bank, is entitled to the summary judgment sought. Since the amount which the plaintiff, Howell State Bank, seeks to recover, $7,426.54, is not disputed, the plaintiff is entitled to summary judgment in that amount with interest. Interest shall be computed from January 1, 1984 since although the Galaxy boat was taken in 1981 the plaintiff, Howell State Bank, suffered no actual injury until the default by the defendant, Edward Slater, in failing to make payments due after December 1983. (See, CPLR 5001 [b].)

 It appears that there are no differences in the New Jersey and New York Uniform Commercial Code provisions upon which the court has relied herein.